IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00170-F

| | | |
|---|---|---|
| MARK A. FALCHOOK; DEANNA JONES FALCHOOK, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; MERSCORP, INC. a/k/a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE BANK FSB, INC.; and JORGE SANTANA, Defendants. | ) ) ) ) ) ) ) ) ) | |

This matter is before the court on the Motion to Dismiss the Amended Complaint [DE-7] filed by BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP; Bank of America, N.A.; MERSCORP, Inc. a/k/a Mortgage Electronic Registration Systems, Inc.[1]; Countrywide Bank FSB, Inc.; and Jorge Santana (hereinafter "Defendants"). The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the court will ALLOW Defendant's Motion to Dismiss the Amended Complaint as to the claims against Defendant Jorge Santana. Additionally, Defendants' Motion to Dismiss the Amended Complaint is ALLOWED as to Count Nine, and the court DECLINES to exercise supplemental jurisdiction

---

[1]According to Defendants, Plaintiffs have incorrectly identified this defendant as "MERSCORP, Inc. a/k/a Mortgage Electronic Registrations Systems, Inc." Mot. to Dismiss Am. Compl., p. 1 n.3. Defendants assert that effective February 27, 2012, MERSCORP, Inc. changed its name to MERSCORP Holdings, Inc. *Id.* Defendants further assert that MERSCORP Holdings, Inc. is not also known as Mortgage Electronic Registration Systems, Inc., as Mortgage Electronic Registration Systems, Inc. is a separate entity and a subsidiary of MERSCORP Holdings, Inc. *Id.*

over the remainder of the claims against Defendants.

## I. STATEMENT OF THE CASE

On or about September 27, 2012, Mark A. Falchook and Deanna Jones Falchook (hereinafter "Plaintiffs") filed this action in the Superior Court of Wake County, North Carolina. Notice of Removal [DE-1], pp. 1-2. Plaintiffs filed a Petition for Temporary Restraining Order, seeking an order prohibiting Defendants from conducting a foreclosure sale of the real property located at 1119 Grogans Mill Drive, Cary, North Carolina on or about September 27, 2012. *Id.* at p. 2. Plaintiffs' Petition for Temporary Restraining Order was granted, and thereafter, the parties entered into a joint stipulation to stay the pending foreclosure sale during the pendency of the litigation. *Id.*

On or about December 11, 2012, Defendants filed an Answer and Affirmative Defenses. *Id.* at p. 2. Plaintiffs filed an Unopposed Motion for Leave to File an Amended Complaint on or about February 7, 2013.[2] *Id.* at p. 3. On March 6, 2013, the motion was granted.[3] *Id.* The next day, Defendants filed a Notice of Removal to this court. [DE-1.]

In this court, on March 19, 2013, Defendants filed a Motion to Dismiss the Amended

---

[2]In their Amended Complaint, Plaintiffs alleged the following causes of action: Count One: breach of contract; Count Two: promissory estoppel; Count Three: unfair and deceptive trade practices; Count Four: negligent supervision; Count Five: fraud; Count Six: fraudulent misrepresentation; Count Seven: "fraud by use of MERS"; Count Eight: slander of title; Count Nine: violations of the Real Estate Settlement Procedures Act; Count Ten: quiet title; and Count Eleven: fraud through securitization.

[3]Attached to Defendants' Notice of Removal is a copy of the Wake County Superior Court's file as it existed on March 6, 2013. Notice of Removal [DE-1], p. 3. Defendants assert that although Plaintiffs' Unopposed Motion for Leave to File an Amended Complaint and the Amended Complaint were filed on February 7, 2013, the Wake County Superior Court's file did contain these documents. *Id.* Defendants further assert that they have not been served with a file-stamped copy of these documents. *Id.*

2

Complaint. [DE-7.] In their motion, Defendants contend that they are entitled to dismissal pursuant to Rules 12(b)(6), 9(b), 8(a), 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiffs filed an Opposition [DE-10], to which Defendants have filed a Reply [DE-13].[4]

## II. STATEMENT OF THE FACTS

The facts, as alleged by Plaintiffs, are as follows: on February 18, 2008, Plaintiffs executed a thirty-year adjustable rate mortgage note (hereinafter the "Note"). Am. Compl. ¶ 15. The Note was for $693,344.00 at 7% annual interest for monthly installments of $4,612.83 on Plaintiffs' home, which is located at 1119 Grogans Mill Drive in Cary, North Carolina. *Id.* Also on February 18, 2008, a Deed of Trust was recorded with the Wake County Register of Deeds. *Id.* at ¶ 16. The Deed of Trust identified Countrywide Bank, FSB as lender, MersCorp, Inc. a/k/a Mortgage Electronic Registration Systems, Inc. as "nominee for Lender and Lender's successor's and assigns . . . [and as a] beneficiary under [the instrument]," and Trustee Services of Carolina, LLC as Trustee. *Id.*

On or about January 11, 2010, an Appointment of Substitute Trustee was executed. *Id.* at ¶ 25. In the Appointment of Substitute Trustee, BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP is named as the Holder of the Note, which is secured by the Deed of Trust and substitutes Wendy Cole, Matressa Morris, or Nationwide Trustee Services, Inc. as successor trustees to Trustee Services of Carolina, LLC. *Id.*

---

[4]On June 26, 2013, Plaintiffs filed a Supplemental Response [DE-16]. Defendants filed an Objection to the Supplemental Response [DE-18], and Plaintiffs filed a Response to the Objection [DE-19]. The court did not have to consider these filings because they relate to Plaintiffs' state law claims. As noted below, this court declines to exercise supplemental jurisdiction over these claims.

3

A Notice of Hearing on Foreclosure of Deed of Trust was filed with the Wake County Clerk of Court on or about July 5, 2010. Am. Compl. ¶ 26. On June 11, 2012, MersCorp, Inc. a/k/a Mortgage Electronic Registration Systems, Inc. assigned the Note and Deed of Trust to Bank of America N.A. *Id.* at ¶ 23.

## III. DISCUSSION

### A. Motion to Dismiss Defendant Santana for Lack of Personal Jurisdiction

Defendant Santana argues that he should be dismissed because there is no basis for this court to exercise personal jurisdiction over him. Defs' Mt. to Dismiss, pp. 8-11. Specifically, Defendant Santana contends that Plaintiffs do not allege that he is a resident of North Carolina, and the only alleged contacts he had with the state of North Carolina are a few isolated telephone calls. Defs' Reply, pp. 2-3.

#### 1. Standard of Review

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant can challenge the court's personal jurisdiction. Fed.R.Civ.P. 12(b)(2). A challenge under Rule 12(b)(2) raises a jurisdictional question for the judge, and the plaintiff bears the burden of proving the court's jurisdiction over each defendant by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). When the court determines personal jurisdiction on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of the complaint, the burden on the plaintiff is simply to make a prima facie showing sufficient to survive the jurisdictional challenge. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). The court must "construe all relevant pleading allegations in the light most favorable to the plaintiff,

4

assume credibility, and draw the most favorable inferences for the existence of jurisdiction."
*Combs*, 886 F.2d at 676.

### 2. Defendant Santana is entitled to dismissal on the basis that this court lacks personal jurisdiction over him.

This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." *Id.* Therefore, the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A court may exercise jurisdiction over a nonresident defendant through two independent avenues: specific jurisdiction and general jurisdiction. *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 301 (4th Cir. 2012). General jurisdiction is an exercise of personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984). To exercise general jurisdiction over a defendant, the defendant's activities in the state must be "'continuous and systematic.'" *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (quoting *Helicopteros*, 466 U.S. at 414 n.9.).

Specific jurisdiction, on the other hand, is linked to the case. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011). In determining whether specific jurisdiction exists, a court considers the following factors: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). The minimum contacts required to confer general jurisdiction are significantly greater than those required for specific jurisdiction. *See ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 623 (4th Cir. 1997).

On the record before this court, it appears that Santana's only connection to North Carolina is a few phone calls he made to Galloway and to Plaintiffs. The court finds that Plaintiffs have not presented evidence suggesting that Santana had the minimum contacts necessary for this court to exercise personal jurisdiction. *See Pan-American Products & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp.2d 664, 682 (M.D.N.C. 2011) (holding that visits to the state to negotiate a contract and telephone calls and faxes to the state during the negotiations do not create specific personal jurisdiction). Accordingly, Defendants' Motion to Dismiss with respect to Santana will be allowed, and the claims against him will be dismissed.[5]

### B. Motion to Dismiss for Failure to State a Claim

Plaintiff alleges a federal claim under the Real Estate Settlement Procedures Act

---

[5] Defendants have also moved to dismiss the claims against Santana on the basis that there was insufficient process. Defs' Mt. to Dismiss, pp. 6-8. Because the claims against Santana are dismissed for lack of personal jurisdiction, the court finds it unnecessary to address this additional basis for dismissal of Santana.

("RESPA"), and ten state law claims. Defendants argue that each of these should be dismissed. The court will first examine the parties' arguments as to the RESPA claim, because it establishes the subject matter jurisdiction for this court.

### 1. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the sufficiency of the allegations in the complaint. A Rule 12(b)(6) motion determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

### 2. Plaintiffs fail to state a claim for violation of RESPA (Count Nine)

Pursuant to RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Additionally, "[e]ach transferee servicer to whom the

7

Case 5:13-cv-00170-F   Document 24   Filed 03/14/14   Page 7 of 10

servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer. 12 U.S.C. § 2605(c)(1).

The allegations underlying Plaintiffs' RESPA claim, as stated in the Amended Complaint, are as follows:

> Defendants have violated 12 U.S.C. §§ 2601 et seq., the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA") by causing to be made numerous Assignments and Transfers of the Note and Deed of Trust without having given the proper notice to Plaintiffs within the proper time frame.
>
> Defendants have violated 12 U.S.C. § 2605 (b) and (c) of the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA") by failing to inform Plaintiffs of any transfers of the loan servicing of her [sic] loan.

Am. Compl. ¶¶ 145, 146.

In this case, the court agrees with Defendants that Plaintiffs' allegations are deficient. Most significantly, Plaintiffs have failed to allege any damages flowing from the purported failure to be notified of the change in the entity servicing their mortgage. *See Champion v. Bank of America, N.A.*, No. 5:13-CV-00272-BR, 2014 WL 25582, at *3-4 (E.D.N.C. Jan. 2, 2014) (holding that plaintiff's RESPA claim was subject to dismissal as insufficiently pled because it lacked allegations suggesting plaintiff suffered actual damages). For this reason, Plaintiffs' RESPA claim will be dismissed.

**C. Plaintiffs' State Law Claims**

The court does not have an independent basis for jurisdiction over Plaintiffs' state law claims. Specifically, this court lacks diversity jurisdiction because Plaintiffs are residents of Cary, North Carolina and defendant Bank of America has its principal place of business in

8

Charlotte, North Carolina. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). Thus, in this case, jurisdiction over Plaintiffs' state law claims is premised on supplemental jurisdiction, which exists where a plaintiff raises both federal and state law claims in the same lawsuit. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction in certain instances, including cases where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

In this case, Plaintiffs' remaining claims are state law claims: breach of contract (Count One); promissory estoppel (Count Two); unfair and deceptive trade practices (Count Three); negligent supervision (Count Four); fraud (Count Five); fraudulent misrepresentation (Count Six); "fraud by use of MERS" (Count Seven); slander of title (Count Eight); quiet title (Count Ten); and fraud through securitization (Count Eleven). In deciding whether to exercise its discretion to retain jurisdiction over these claims, this court must consider a variety of equitable factors, including "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* In addition, this court should consider the "amount of time and energy that has already been expended, and decide whether it might be more efficient to simply retain jurisdiction." *Id.* at 112.

The court has weighed the above-stated factors and finds that remand is proper in this case. Specifically, the court believes that remanding this case to state court would not be unduly inconvenient or unfair to any party. Further, judicial economy will be served by remanding this

9

Case 5:13-cv-00170-F  Document 24  Filed 03/14/14  Page 9 of 10

case because the issues and parties have been narrowed by this court. Accordingly, this case is remanded to Wake County Superior Court for resolution of the remaining claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint [DE-7] as to the claims against Defendant Jorge Santana is ALLOWED. Further, Defendants' Motion to Dismiss as to Count Nine is ALLOWED, and that claim is DISMISSED. The court declines to exercise supplemental jurisdiction over the remaining claims, and this action is REMANDED to Wake County Superior Court.

SO ORDERED.

This, the 14th day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge